THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MELISSA MOODY CROSS**                                                                 **PLAINTIFF**

v.                              Case No. 4:20-cv-00297-KGB

**RODNEY CROSS,** *et al.*                                                              **DEFENDANTS**

## ORDER

On March 17, 2020, plaintiff Melissa Moody Cross, proceeding *pro se*, filed a motion for leave to proceed *in forma pauperis* ("IFP") and a complaint (Dkt. Nos. 1, 2). On May 15, 2020, the Court issued an Order granting Ms. Cross's IFP application and ordered Ms. Cross to file an amended complaint that cured deficiencies identified in the original complaint (Dkt. No. 11). Ms. Cross timely filed an amended complaint (Dkt. No. 19). The Court has reviewed Ms. Cross's amended complaint and, for the reasons discussed in this Order, dismisses without prejudice her complaint and amended complaint.

### I. Screening

The Court will screen Ms. Cross's amended complaint pursuant to 28 U.S.C. § 1915(e)(2) before it is allowed to be served. For the reasons discussed in this Order, Ms. Cross has not asserted a plausible claim against any defendant that she names in her complaint. Therefore, Ms. Cross's complaint is dismissed without prejudice.

#### A. Legal Standard

Because Ms. Cross is proceeding IFP, the Court is required to screen her complaint and dismiss the case, in whole or in part, if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Angel v. Bowers*, No. 3:18-

CV-00121-KGB, 2019 WL 440571, at *1 (E.D. Ark. Feb. 4, 2019) (recognizing that district courts have the power to screen and dismiss complaints filed by all litigants, prisoners and non-prisoners alike); *Key v. Does*, 217 F. Supp. 3d 1006, 1007 (E.D. Ark. 2016) (same).

A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Stated differently, the allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 678 (2009). While the court must accept as true all well-pleaded facts in the complaint, *see Farm Credit Servs. of Am., FLCA v. Haun*, 734 F.3d 800, 804 (8th Cir. 2013), it need not credit conclusory allegations or "naked assertion[s] devoid of further factual enhancement," *Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768 (8th Cir. 2012) (alteration in original) (quoting *Iqbal*, 556 U.S. at 678).

Finally, in evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, the court holds "a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers." *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (alteration in original) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, all parties, including *pro se* litigants, must comply with substantive and procedural law. *See Brown v. Frey*, 806 F.2d 801, 804 (8th Cir. 1986).

**B.    Discussion**

Because Ms. Cross is proceeding *pro se*, the Court has liberally construed her pleadings and has attempted to discern a basis in law for relief. Ms. Cross's original complaint was vague

and confusing; her amended complaint is not much clearer.  Ms. Cross submitted, and the Court has reviewed, hundreds of pages of documents in support of her claims, but Ms. Cross fails to provide an explanation as to how many of these documents are relevant or connected to her claims.

Ms. Cross's claims seem centered on alleged mistreatment of Ms. Cross and her children by defendant Rodney Cross, Ms. Cross's ex-husband, and defendant Katrina Cross.  Ms. Cross also makes multiple allegations of cover-ups and harassment by other defendants, including family members and government officials.  Ms. Cross's amended complaint contains a seven-year history of alleged wrongdoing by defendants and alleges "fraud," "enslavement," "harassment," "scamming," abuse, theft, and corruption.  At one point, Ms. Cross states "[t]his case is based on civil rights, enslavement to a fraud mess in the sum of 10 million dollars & my kids w/me[sic]." (Dkt. No. 19 at 44).  Despite the voluminous number of documents submitted by Ms. Cross, the amended complaint does not connect any of her factual allegations to the complaint's legal allegations so as to state valid claims appropriately filed in federal court against the named defendants.  The Court recognizes that Ms. Cross is proceeding *pro se* and accepts as true for screening purposes all factual allegations in her amended complaint and the accompanying documents; however, this Court need not accept unsupported and conclusory allegations as true. As currently plead, Ms. Cross's amended complaint offers only "labels and conclusions" insufficient to state a plausible claim for relief in this federal lawsuit against any of the named defendants.  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In sum, Ms. Cross has not asserted a plausible claim against any defendant, and the Court will not direct service of Ms. Cross's complaint.  The Court dismisses without prejudice Ms. Cross's original complaint and amended complaint.

## II.     Conclusion

For the reasons set forth above, the Court dismisses without prejudice Ms. Cross's original complaint and amended complaint against all defendants.  Her request for relief is denied.

It is so ordered this 4th day of December, 2020.

_____
Kristine G. Baker
United States District Judge